IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CARNELL D. McELROY, SR.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00699 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Carnell D. McElroy, Sr., Pro Se Plaintiff.*

Carnell D. McElroy, Sr., a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that a prison control booth officer closed a door on him, causing him to be injured, in violation of his constitutional rights. After review of the record, I find that the action must be summarily dismissed as legally frivolous.

McElroy is an inmate at Red Onion State Prison. He alleges that on August 14, 2014, Unit Manager Sweeny sent Sgt. Fleming to escort McElroy from B Pod to another area of the prison. As McElroy followed Fleming through the exit door, Officer Kleat in the control booth closed the slider door before McElroy was safely through it. The door hit McElroy on the left side of his head, causing a facial laceration above his left eye and profuse bleeding.

Immediately after the incident, officers took McElroy to the medical unit, where he was treated and held overnight for observation. McElroy states that he has seen the doctor several times, is taking numerous prescription medications, underwent a CAT scan, and was seen by an optometrist. He alleges that since the incident, he has suffered the following symptoms, many of which have worsened: severe headaches, blurry and diminished vision in his left eye, neck and shoulder pain, short term memory loss, dizzy spells, loss of sleep, nausea, and eye drainage.

McElroy brought this civil action against the booth officer, the director of the Virginia Department of Corrections, other prison administrators, and officials, including the warden of Red Onion, Sweeny and Fleming. McElroy seeks compensatory and punitive damages for his injuries and injunctive relief directing prison officials to make grievance procedure forms more readily accessible to inmates.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). To

state a claim under § 1983, the plaintiff must show that a person acting under color of state law undertook actions that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

To prove a constitutional claim related to an unsafe jail condition, McElroy must show that one or more prison officials acted with deliberate indifference – that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. *Farmer v. Brennan*, 511 U.S. 825, 835-37, 847 n.9 (1994). Plaintiff must also show that he suffered a serious injury from the unsafe condition. *Strickler v. Waters*, 989 F.2d 1375, 1380-1381 (4th Cir. 1993).

For purposes of this opinion, I will assume that the door caused McElroy a serious injury as required for the Eighth Amendment analysis. I cannot find, however, that he has shown facts stating any plausible claim that any of the defendants acted with deliberate indifference in this incident.

First, with the exception of Officer Kleat, who operated the door, the allegations do not reflect any respect in which the defendants had any personal involvement in the door's movement. Indeed, the majority of the defendants were not present at the scene. Absent personal involvement in an alleged constitutional violation, an official cannot be found liable under § 1983 for that violation. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (finding that "liability will

only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights" because the "doctrine of respondeat superior has no application" under § 1983) (internal quotation marks and citation omitted).

McElroy also fails to allege facts stating any plausible claim that Officer Kleat knew that closing the door when he did created a significant risk that it would cause McElroy substantial harm. McElroy presents no fact suggesting that Kleat intentionally closed him in the door. The Complaint states, at most, a claim that Kleat negligently calculated how long it would take for the officers and McElroy to clear the doorway to allow the door to safely close behind them. An official's merely negligent action is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

For the stated reasons, I find that McElroy's allegations do not state the elements of any constitutional claim actionable under § 1983 and must be summarily dismissed under § 1915A(b)(1). To the extent which his submissions may be attempting to present claims under state law, the court declines to exercise

supplemental jurisdiction over any such claims, pursuant to 28 U.S.C. § 1367(c), and will dismiss them without prejudice.

A separate Final Order will be entered herewith.

DATED: April 6, 2015

/s/  James P. Jones
United States District Judge